T.C. Summary Opinion 2005-185

UNITED STATES TAX COURT

RAFAEL MANZUETA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23394-04S.          Filed December 21, 2005.

Rafael Manzueta, pro se.

<u>Nina P. Ching</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $4,798 for 2003. The issues for decision are whether petitioner: (1) Is entitled to deductions for dependency exemptions, (2) is entitled to head of household filing status,[1] (3) is entitled to an earned income credit, and (4) is entitled to an "additional child tax credit".

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Ayer, Massachusetts.

Petitioner has two sons, RM, born on May 12, 1983, and JM, born on July 30, 1995. Petitioner is married to, but separated from, Estacia Ovalle (Ms. Ovalle), who is the mother of RM. Petitioner and Ms. Ovalle are in the process of seeking a divorce. JM's mother is Yosary Manzueta. During 2003, both RM and JM lived with Ms. Ovalle.

During 2003, petitioner was employed as a driver by Trombly Motor Coach Services, Inc. Petitioner timely filed a 2003 U.S. Individual Income Tax Return Form 1040A reporting wages of $11,757 and adjusted gross income of $12,472.

---

[1]The Court's resolution of the issue of petitioner's filing status will determine the correct computation of his standard deduction for 2003.

In the notice of deficiency, respondent determined that petitioner's filing status was single rather than head of household. Respondent also determined that petitioner was not entitled to: (1) Deductions for dependency exemptions, (2) an earned income credit, or (3) an "additional child tax credit".

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Dependency Exemption

Petitioner claimed dependency exemptions for RM and JM for 2003. Respondent disallowed the deductions in the notice of deficiency.

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent. A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, and more than half the dependent's support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1). The age limit is

---

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

increased to 24 if the child was a student as defined by section 151(c)(4).  Sec. 151(c)(1)(B).

Respondent concedes that petitioner is entitled to claim a dependency exemption for JM on his 2003 Federal income tax return.  RM attained the age of 20 in 2003.  Petitioner concedes that RM was not a full-time student in 2003, and as such, RM is not a student within the meaning of section 151(c)(4).  Therefore, petitioner is not entitled to claim RM as a dependent on his 2003 Federal income tax return.

Accordingly, respondent's determination, to the extent not conceded, is sustained.

Head of Household

Petitioner filed as a "head of household" for 2003.  In the notice of deficiency, respondent determined petitioner's filing status to be single.

Section 1(b) imposes a special tax rate on individuals filing as "heads of households".  "Head of household" is defined in section 2(b) as an unmarried individual who maintained as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for specific family members.  See sec. 2(b)(1)(A)(i).  A taxpayer is considered to be maintaining a household only if over half the cost of maintaining the household during the taxable year is furnished by the taxpayer.  Sec. 2(b).

Petitioner concedes that RM and JM lived with Ms. Ovalle during 2003. At trial, petitioner testified that he lived at his mother's home. He further testified that he would drop off and pick up JM from school and that JM would stay with him "sometimes". Petitioner is not entitled to "head of household" filing status since his sons did not live with him for more than one-half of the year in 2003. Therefore, respondent's determination on this issue is sustained.

Earned Income Credit

Petitioner claimed the earned income credit for taxable year 2003 for two "qualifying children", RM and JM. Respondent determined that petitioner is not entitled to the earned income credit for 2003.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal

place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

Petitioner conceded that RM and JM lived with Ms. Ovalle during 2003.  Therefore, they fail to meet the residence requirement under section 32(c)(3)(A)(ii) and are not qualifying children for purposes of claiming the earned income credit.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii) even if he does not have any qualifying children. For 2003, a taxpayer is eligible under this subsection only if his adjusted gross income was less than $11,230.  Rev. Proc. 2002-70, 2002-2 C.B. 845.  Petitioner's adjusted gross income was $12,472.

Accordingly, petitioner is not eligible for an earned income credit.  Respondent's determination on this issue is sustained.

Additional Child Tax Credit

For 2003, petitioner did not claim a child tax credit, but he claimed an "additional child tax credit" of $126 with JM as the qualifying child.  Respondent determined that petitioner is not entitled to an additional child tax credit for 2003.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a

deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the "additional child tax credit", for families with three or more children. For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit. See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year. See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1). For 2003, the additional child tax credit is allowed in an amount that is the lesser of the

remaining child tax credit available or 10 percent of the amount by which the taxpayer's earned income exceeds $10,500.  Sec. 24(d)(1)(A) and (B), (d)(3); Rev. Proc. 2002-70, sec. 3.04, 2002-2 C.B. at 847.  The refundable and nonrefundable portions of the child tax credit cannot exceed the total allowable amount of the credit.

At trial, respondent conceded that petitioner was allowed to claim a dependency exemption deduction with respect to JM for 2003.  JM attained the age of 10 in 2003 and is petitioner's son.  Therefore, JM is a qualifying child within the meaning of section 24(c), which entitles petitioner to claim a child tax credit.

For 2003, the child tax credit is $1,000 per qualifying child.  Sec. 24(a)(2); Jobs and Growth Tax Relief Reconciliation Act of 2003, Pub. L. 108-27, sec. 101(a), 117 Stat. 753.  Petitioner's Federal tax liability for 2003 is $161.  This is based on the Court's finding that petitioner: (1) Has adjusted gross income of $12,472; (2) is entitled to exemptions of $6,100 for himself and his dependent JM; and (3) is entitled to a standard deduction of $4,750 for "single" filing status.  Petitioner's taxable income is $1,622 ($12,472 - $6,100 - $4,750 = $1,622).  Petitioner is allowed to claim a child tax credit in the amount of $161, equal to the amount of his Federal income tax liability for 2003.

Since petitioner's child tax credit exceeds his Federal income tax liability for 2003, he is entitled to a refundable

additional child tax credit in an amount that is the lesser of the remaining child tax credit available, or 10 percent of the amount by which the taxpayer's earned income exceeds $10,500. Therefore, petitioner is entitled to claim the lesser of $839 ($1,000 - $161) or $197.20 ($12,472 - $10,500 = $1,972 x .10 = $197.20).

The Court finds that petitioner is entitled to a child tax credit of $161 and an additional child tax credit of $197.20.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.